B27 (Official Form 27) (12/09)

# United States Bankruptcy Court
## Central District Of California

In re **SYLVESTER P MITCHELL**,
Debtor

Case No. **2:09-bk-32284-ER**
Chapter **7**

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: **Cab West, LLC**

2. Amount of the debt subject to this reaffirmation agreement:
   **$ 6,465.90** on the date of bankruptcy **$ 3,448.48** to be paid under reaffirmation agreement

3. Annual percentage rate of interest: **n/a** % prior to bankruptcy
   _____ % under reaffirmation agreement ( **X** Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ **431.06** per month for **7** months

5. Collateral, if any, securing the debt: Current market value: $ **19,150**
   Description: **2008 FORD EDGE, VIN 2FMDK38CX8BA14263**

6. Does the creditor assert that the debt is nondischargeable? ____ Yes **X** No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.) Creditor reserves the right to assert otherwise.

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. Total monthly income from Schedule I, line 16 | $3,755.16 | 7B. Monthly income from all sources after payroll deductions | $3,755.16 |
| 8A. Total monthly expenses from Schedule J, line 18 | $3,733.20 | 8B. Monthly expenses | $3,733.20 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J | $ 0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses | $431.06 |
| | | 10B. Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $453.02 |

B27 (Official Form 27) (12/09)

Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):
_____
_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):
_____
_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____
Signature of Debtor (only required if line 11 or 12 is completed)

_____
Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
___✓___Yes  _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
___✓___Yes  _____No

### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

**Sheryl K. Ith, Attorney for Creditor**
Print/Type Name & Signer's Relation to Case

Form 240A - Reaffirmation Agreement (1/09)

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br>SYLVESTER P MITCHELL<br>Debtor(s).<br>☐ Presumption of Undue Hardship<br>☐ No Presumption of Undue Hardship<br>(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.) | |
| Creditor's Name and Address:<br>Cab West, LLC<br>P.O. Box 7172<br>Pasadena, CA 91109-7172<br>[PAYMENTS ONLY]<br>☐ [Check this box if] Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | CHAPTER: Chapter 7<br>CASE NO.: 2:09-bk-32284-ER<br>REAFFIRMATION AGREEMENT |

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: $3,448.48

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

January 2009 — This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Reaffirmation Agreement - *Page 2 of 10*

| In re | (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|---|
| SYLVESTER P MITCHELL | Debtor(s). | |

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

— And/Or —

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: __N/A__ %.

— And/Or —

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:
$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

January 2009    This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Reaffirmation Agreement - Page 3 of 10

| In re (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|
| SYLVESTER P MITCHELL Debtor(s). | |

**Item or Type of Item**  
2008 FORD EDGE  
VIN 2FMDK38CX8BA14263

**Original Purchase Price or Original Amount of Loan**  
LEASE - 36 PAYMENTS AT $431.06 EACH. LEASE MATURES 11/7/10.

*Optional*—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

**Repayment Schedule:**

Your first payment in the amount of $___431.06___ is due on ___4/18/10___ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— Or —

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.

— Or —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. **If the creditor is not a Credit Union** and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. **If the creditor is a Credit Union** and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

January 2009 — This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Reaffirmation Agreement - Page 4 of 10

| In re (SHORT TITLE) SYLVESTER P MITCHELL | Debtor(s). | CASE NO.: 2:09-bk-32284-ER |
|---|---|---|

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

January 2009 This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

07/30/2010 15:08 2133882411 L BISHOP AUSTIN PAGE 10/13
Case 2:09-bk-32284-ER Doc 32 Filed 08/03/10 Entered 08/03/10 14:46:12 Desc
Main Document Page 7 of 13
01/02/2008 05:31 777 PAGE 04
04/15/2010 16:27 2133882411 L BISHOP AUSTIN PAGE 09/12
APR-14-2010 16:42 COOKSEY TOOLEN GAGE... 714 431 1145 P.010

Reaffirmation Agreement - Page 6 of 10

| In re (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|
| SYLVESTER P MITCHELL Debtor(s) | |

### PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   LEASE AGREEMENT. This agreement reaffirms and assumes a Lease pursuant to 11 USC Sections 525 and 365(p). Pursuant to the reaffirmed and assumed Lease Agreement, Debtor agrees to make the monthly payments and agrees to be bound by all the terms and conditions of the Lease.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
   None. Lease is assumed.

### SIGNATURE(S):

Borrower:

SYLVESTER P MITCHELL
(Print Name)

_(Signature)_

Date: 4-14-10

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)
Date: _____

Accepted by creditor:

CAB WEST, LLC
(Printed Name of Creditor)

P.O. Box 7172
Pasadena, CA 91109-7172
(Address of Creditor)

_(Signature)_

Sheryl K. Ith, Attorney for Creditor
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
7/30/10

January 2009 — This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Reaffirmation Agreement - *Page 6 of 10*

| In re | (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|---|
| SYLVESTER P MITCHELL | Debtor(s). | |

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: **Leroy B. Austin**

Signature of Debtor's Attorney: _[signature]_

Date: 4-14-10

---

January 2009 — This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

07/30/2010 15:08 2133882411 L BISHOP AUSTIN PAGE 09/13
Case 2:09-bk-32284-ER Doc 32 Filed 08/03/10 Entered 08/03/10 14:46:12 Desc
Main Document Page 9 of 13
04/15/2010 16:27 2133882411 SATELLITE PAGE 03
L BISHOP AUSTIN
APR-14-2010 15:42 COOKSEY TOOLEN GAGE ,,, 714 431 1146 P.012 PAGE 12/12

Reaffirmation Agreement - Page 7 of 10

| In re | (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|---|
| SYLVESTER P MITCHELL | Debtor(s). | |

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**
*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____
_____

(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

X Signed: _Syl_____ Mitchell_____
(Debtor)

_____
(Joint Debtor, if any)

Date: 4-14-10

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

X Signed: _Syl_____ Mitchell_____
(Debtor)

_____
(Joint Debtor, if any)

Date: 4-14-10

January 2009  This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Reaffirmation Agreement - Page 8 of 10

| In re (SHORT TITLE) | CASE NO.: 2:09-bk-32284-ER |
|---|---|
| SYLVESTER P MITCHELL Debtor(s). | |

**PART E: MOTION FOR COURT APPROVAL**
[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]

**MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT**

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (check all applicable boxes):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

X Signed: _S-- mthM_
(Debtor)

_____
(Joint Debtor, if any)

Date: 4-14-10

---

January 2009 This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

TOTAL P.013

# Motor Vehicle Lease Agreement

**Lessor:** DON KOTT FORD, 21212 SOUTH AVALON BLVD, CARSON, CA 90745
**Lessee:** 700 EUBY DR, INGLEWOOD, CA 90302-2742
www.fordcredit.com

2007 NOV -9 AM 9:00

"Finance Company" is FORD MOTOR CREDIT COMPANY. The "Holder" is CAR WEST LLC and its assigns. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms on the front and back of this lease. The WearCare Addendum II is attached to this lease.

| New/Used/Demo | Mileage at Delivery | Year/Make/Model | Vehicle ID # | Vehicle Use |
|---|---|---|---|---|
| NEW | 52 | 2008 FORD EDGE | 2FMDK38CX8BA14263 | PERSONAL |

**1. Amount Due At Lease Signing or Delivery (Itemized Below):** $ 2000.00

**2. Monthly Payments:** Your first monthly payment of $ 425.17 is due on 11/07/07, followed by 35 payments of $ 425.17 due on the 7TH day of each month. The total of Your monthly payments is $ 15306.12.

**3. Other Charges** (not part of Your monthly payment): Disposition Fee (if You do not purchase the Vehicle) N/A, Total N/A

**4. Total of Payments** (The amount You will have paid by the end of the lease): $ 16880.95

*Itemization of Amount Due at Lease Signing or Delivery*

**5. Amounts Due At Lease Signing or Delivery:**
a. Capitalized cost reduction $ 1161.54
b. First monthly payment 425.17
c. Refundable security deposit N/A
d. Title fees N/A
e. Registration fees 260.00
f. California tire fee 8.75
g. Acquisition Fee N/A
h. Upfront taxes 95.83
i. Optional DMV Electronic Filing Fee N/A
DocFee= 45.00 DocTax= 3.71  48.71
k. N/A
l. N/A
Total $ 2000.00

**6. How the Amount Due At Lease Signing or Delivery will be paid:**
a. Net trade-in allowance  $ N/A
b. Rebates and noncash credits 2000.00
c. Amount to be paid in cash 0.00
d. N/A
Total $ 2000.00

**7. Your monthly payment is determined as shown below:**
a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 30345.05) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (itemized below) ... $ 30940.05
b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost ... − 1161.54
c. Adjusted capitalized cost. The amount used in calculating Your base monthly payment ... = 29778.51
d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base monthly payment ... − 17034.20
e. Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term ... = 12744.31
f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts ... + 1395.41
g. Total of base monthly payments. The depreciation and any amortized amounts plus the rent charge ... = 14139.72
h. Lease payments. The number of payments in Your lease ... ÷ 36
i. Base monthly payment ... = 392.77
j. Monthly sales / use tax ... + 32.40
k. Total monthly payment ... $ 425.17
l. Lease term in months ... 36

**Early Termination.** You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

**8. Excess Wear and Use.** You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $ .20 per mile for each mile in excess of 31552 miles shown on the odometer. See items 21 and 25 on back and the WearCare Addendum II if it is attached to this lease for additional excess wear and use taxes.

**9. Extra Mileage Option Credit.** At the scheduled end of this lease, You will receive a credit of $N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed, if You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.80.

**10. Purchase Option at End of Lease Term** $ 17034.20 plus official fees and taxes is Your lease end purchase option price. You have the option to purchase the Vehicle from a party designated by Holder for the purchase option price plus a purchase option fee of $N/A at the end of this lease term if You are not in default.

Other Important Terms. See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**11. Itemization of Gross Capitalized Cost**

| Agreed Upon Value of the Vehicle As Equipped at the Time of Signing the Lease | Agreed Upon Value of Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of Lessor Agrees to Add to the Vehicle After Signing the Lease |
|---|---|---|---|
| $ 30345.05 | LEASE PA +$ N/A | N/A +$ N/A | N/A +$ N/A |
| Agreed Upon Value of N/A | Agreed Upon Value of N/A.m | Agreed Upon Value of N/A | Agreed Upon Value of N/A |
| +$ N/A | +$ N/A.m | +$ N/A | +$ N/A |

| Sales/Use Tax & Other Applicable Taxes | Title Fees | License & Registration Fees | Lessor Services | Acquisition Fee |
|---|---|---|---|---|
| +$ N/A | +$ N/A | +$ N/A | +$ N/A | +$ 595.00 |
| Documentation Fee | Outstanding Prior Credit or Lease Balance | WearCare | Agreed Upon Value N/A | Agreed Upon Value N/A |
| +$ N/A | +$ N/A | +$ N/A | +$ N/A | +$ N/A |
| Optional DMV Electronic Filing Fee | | | | Total Gross Capitalized Cost |
| +$ N/A | +$ N/A | +$ N/A | +$ N/A | =$ 30940.05 |

**12. WARRANTY** The Vehicle is covered by any warranty, extended warranty or service contract indicated below:
☐ Standard new Vehicle warranty provided by the manufacturer or distributor of the Vehicle.
☐ _____

If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by state law.

**13. OFFICIAL FEES AND TAXES** $ 2054.69 The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your monthly payments or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

**14. This lease contract was negotiated primarily in the language initialed by the Lessee:** ___ English ___ Spanish ___ Chinese ___ Tagalog ___ Korean ___ Vietnamese ___ Other

**15. LESSOR SERVICES** N/A (See Item 20 on back) N/A

**16. LATE PAYMENTS** You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.5% of the full amount of the scheduled payment or $58.00 whichever is less.

**17. VEHICLE INSURANCE MINIMUMS.** You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a maximum deductible amount of $1,000; and (b) collision and upset insurance with a maximum deductible of $1,000; and (c) automobile liability insurance with minimum limits for bodily injury or death of $ 15,000 for any one person and $ 30,000 for any one accident, and $ 5,000 for property damage.

**18. Description of Vehicle or Other Property Trade-In:** N/A N/A N/A Year/Make/Model or Other Property Description Agreed Upon Gross Value N/A See Item 6, above, for net trade-in allowance

N/A

Trade-In, Turn-In and other Individualized Agreements
By: X _____ Lessee    By: X _____ Co-Lessee

**SIGNATURES AND IMPORTANT NOTICES**

You specifically waive the right to keep your residence address confidential as granted by Section 1808.21 of the California Vehicle Code.

**THERE IS NO COOLING OFF PERIOD**

California law does not provide for a "cooling off" or other cancellation period for Vehicle leases. Therefore, You cannot later cancel this lease simply because You change Your mind, decided the Vehicle costs too much, or You had acquired a different Vehicle. You may cancel this lease only with the agreement of the Lessor or for legal cause, such as fraud.

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.

**Modification:** This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.

Lessee: SYLVESTER MITCHELL    By: X _____ Title: _____
Co-Lessee: N/A    By: X _____ Title: _____

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.**

(1) Do not sign this lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.

**NOTICE:** You state that You have been given notice of an assignment of this lease by the Lessor to Holder and a filled-in copy of this lease at the time You sign it.
Lessee: SYLVESTER MITCHELL    By: X _____ Title: _____
Co-Lessee: N/A    By: X _____ Title: _____

Lessor and Lessee are hereby notified that Holder has assigned to Oil Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of the Vehicle and the sale of the Vehicle upon lease termination. Lessor accepts this lease and assigns it to Holder under the terms of the finance or lease plan agreement between Lessor and Finance Company unless _____.
Lessor: DON KOTT FORD    By: X _____ Title: MGR

ORIGINAL
FC 19002-P Dec 05
Previous editions may NOT be used.
CA    PLY 1 - ORIGINAL    PLY 2 - LESSEE    PLY 3 - CO-LESSEE/GUARANTOR COPY    PLY 4 - LESSOR

## VEHICLE MAINTENANCE, INSURANCE AND USE

**19. VEHICLE USE** You agree not to use the Vehicle or allow it to be used: (a) in violation of any law, (b) contrary to the provisions of any insurance policies covering the Vehicle, (c) outside the state where first titled or registered for more than 30 days without Finance Company's written consent, (d) outside the United States, except for less than 30 days in Canada or Mexico or (e) as a private or public carrier. You will keep this lease and Vehicle free of all liens and encumbrances. You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.

**20. VEHICLE MAINTENANCE AND OPERATING COSTS** Proper Vehicle maintenance is Your responsibility. You must maintain and service the Vehicle at Your own expense, using materials that meet the manufacturer's specifications. This includes following the owner's manual and maintenance schedule, documenting maintenance performed, and making all needed repairs. You are also responsible for all operating costs such as gas and oil. Lessor will provide the service(s), if any, identified in the Lessor Services section under the terms of a separate agreement. The manufacturer will invalidate warranty coverage on parts affected by a failure to maintain the Vehicle as required by the manufacturer. (See Lessor Services, Item 15, on the front of this lease.)

**21. DAMAGE REPAIR** You are responsible for repairs of all Damage which are not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to Exterior Sheet Metal, Plastic Components, and to Vehicle Safety Systems, including air bag, seat belt and bumper system components. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Discuss this requirement with Your insurance company prior to signing a collision repair estimate or before authorizing any collision repair work.
If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

**22. VEHICLE INSURANCE** Unless it is a state in which You reside, establishes or changes the minimum automobile liability insurance greater than those listed on the front of this lease in Section 17, the Insurance Minimums," for bodily injury or death and property damage insurance. You must insure the Vehicle and the Holder at the higher minimum limits established by the state. These amounts may not be sufficient to cover all Your liabilities. You may wish to consult Your insurance advisor about obtaining additional coverage. You will list the loss payee and additional insured as requested by Lessor. You must give Finance Company evidence of this insurance.
You authorize Finance Company, on Your behalf, to receive and endorse checks or drafts, and settle or release any claim under the insurance related to Holder's ownership of the Vehicle. You also assign to Holder any other insurance proceeds related to this lease or Holder's interest in the Vehicle.
If You or Finance Company obtain a refund for amounts paid to third parties for insurance, service contracts, or any other amount paid to a third party included in the Gross Capitalized Cost of this lease, You must pay to the Holder the entire amount of the refund and You authorize the Holder to subtract the refund from the amount You owe under this lease.

**LESSOR IS NOT PROVIDING VEHICLE INSURANCE OR LIABILITY INSURANCE**

If you title/register the Vehicle in, or change the garage location of the Vehicle to, a state where Finance Company has established minimum automobile liability insurance limits greater than those listed on the front of this lease for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by Finance Company.

---

### ENDING YOUR LEASE

**23. TERMINATION** This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

**24. RETURN OF VEHICLE** If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company designates another place. Upon return of the Vehicle, You must pay the Disposition Fee shown on the front of the lease in Section 3, "Other Charges." If, upon termination of the lease, You enter into a lease agreement or retail installment contract for a new vehicle which is assigned to or administered by Finance Company, You will not be required to pay the Disposition Fee. If You fail to return the Vehicle, You must continue to pay the monthly payments plus other damages to Finance Company, including amounts payable upon default. Payment of these amounts will not allow You to keep the Vehicle.

**25. STANDARDS FOR EXCESS WEAR AND USE** You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) Tires which are unmatched, unsafe or have less than 1/8 inch of remaining tread in any groove; (b) Electrical or Mechanical defects or malfunctions; (c) Glass, Paint, Body Panels, Trim and Grill Work that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented or rusted; (d) Interior rips, stains, burns or worn areas; and (e) All Damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty.
If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

**26. ODOMETER STATEMENT** Federal law requires You to complete a statement of the Vehicle's mileage at the end of this lease.

**27. VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE** You may terminate this lease early by returning the Vehicle to Lessor, unless Finance Company designates another place, and paying the following: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Vehicle's Fair Market Wholesale Value, plus (b) all other amounts then due under this lease, plus (c) the Disposition Fee listed on the front of this lease in Section 3, "Other Charges."
You will never pay more than the sum of the remaining payments, plus any excess wear and use and mileage charges, and all other amounts then due under this lease.

**VOLUNTARY EARLY TERMINATION AND PURCHASE OF THE VEHICLE** You may purchase the Vehicle from Lessor or a party designated by Holder at any time for a purchase price that cannot exceed the following: (a) past due payments at the time of the purchase, plus (b) all other amounts then due under the lease (except excess wear and use and mileage charges), plus (c) any other charges, including the purchase option fee in Section 10, "Purchase Option at End of Lease Term", connected to the early termination and purchase, plus (d) the Unpaid Adjusted Capitalized Cost. You may also be charged for any taxes and other charges incidental to the sale. Payment of the purchase price will satisfy Your liabilities under this lease.
Unpaid Adjusted Capitalized Cost is reduced on each payment due date. It is calculated by reducing the Adjusted Capitalized Cost each month by the difference between the Base Monthly Payment and the part of the Rent Charges earned in that month on an actuarial basis. Rent Charges are earned when due. Lessor or Finance Company will provide You with a written explanation of the actuarial method upon Your request.
Fair Market Wholesale Value, at Your option, will be: (a) an amount agreed to by You and Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense from an independent third party agreeable to Finance Company at least 3 days prior to any scheduled sale date of the Vehicle, or (c) if not established by agreement or appraisal, the net amount received by Finance Company, Holder or its designated intermediary upon the sale of the Vehicle at wholesale.
Please contact Finance Company at the telephone number or website listed on the front of this lease if You have any questions regarding terminating Your lease.

---

### DEFAULT AND LOSS OF VEHICLE

**28. DEFAULT** You will be in default if (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any governmental authority seizes the Vehicle and does not promptly and unconditionally release it to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

If You are in default, and You have not exercised Your rights in Section 27, the "VOLUNTARY EARLY TERMINATION" paragraph, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle. Even if Finance Company retakes the Vehicle, You must still pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Fair Market Wholesale Value, plus (b) all other amounts then due under this lease. You must also pay all expenses, including reasonable attorney's fees, payable by Finance Company to obtain and hold the Vehicle, collect amounts due and enforce Holder's rights under this lease. You authorize Finance Company to cancel Your insurance and apply any proceeds to Your obligation.

**29. LOSS OR DESTRUCTION OF VEHICLE** If the Vehicle is stolen or destroyed, You will pay to Finance Company: (a) the Unpaid Adjusted Capitalized Cost, plus (b) all other amounts then due under this lease, minus (c) any insurance proceeds received by Finance Company, Gap Waiver, if You had in effect the insurance required under this lease and Finance Company receives the full proceeds, You will pay to Finance Company: (a) any past due monthly lease payments, plus (b) the amount of the applicable insurance deductible, plus (c) all other amounts then due under this lease. Even if the Vehicle is insured, until Finance Company receives the appropriate amount above, You are responsible for the scheduled monthly payments.

---

### ADDITIONAL INFORMATION

**30. ASSIGNMENT AND ADMINISTRATION** When You and Lessor sign this lease, Lessor will assign it to Holder. Finance Company or a substitute will administer this lease. You must then pay all amounts due under this lease to Finance Company. All payments must be made in U.S. funds.
If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

**31. TAXES** You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Holder's income taxes). You will pay these amounts even if they are assessed after lease end.

**32. TITLING** The Vehicle will be titled in the name of Holder. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

**33. INDEMNITY** You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. You will promptly pay all fines and tickets imposed on the Vehicle or its driver. If You do not pay, You will reimburse Finance Company and pay a $20 administration fee, unless prohibited by law, for every such fine, ticket, or penalty that must be paid on Your behalf.

**34. SECURITY DEPOSIT** Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

**35. CONSUMER REPORTS** You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

**36. GENERAL** Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as set forth on the front of the lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be good.

---

### ARBITRATION PROVISION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either You or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between You and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either You or we choose to arbitrate a Claim, then You and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**Rights You And We Do Not Give Up:** If a Claim is arbitrated, You and we will continue to have the following rights, without waiving the arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded its authority.

Either Party must contact any association below and the other Party to start arbitration. The applicable rules (the "Rules") may be obtained from the association.
- American Arbitration Association ("AAA"), at 1-800-778-7879, or www.adr.org;
- National Arbitration Forum, at 1-800-474-2371, or www.arb-forum.com.

If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and the Federal Rules of Evidence. The arbitration decision shall be in writing with a supporting opinion. We will pay your total reasonable arbitration fees and expenses (not including attorney fees, except where applicable law otherwise provides) in excess of $125. We will pay the whole filing fee if we demand arbitration first. Any portion of this arbitration clause, other than waivers of class action rights, that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed unenforceable for any reason in a case in which class action allegations have been made, the remainder of the arbitration clause shall be unenforceable.

FC 19002-P  Dec 05      **NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION**
Previous editions may NOT be used.
CA

| In re (SHORT TITLE)<br>SYLVESTER P. MITCHELL<br>Debtor(s). | CASE NO.:<br>2:09-bk-32284-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as <u>Reaffirmation Agreement</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>August 3, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012-3332
Attn: Judge Ernest M. Robles

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 3, 2010 | Amber E. Brantner | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |